

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 19, 2020

**BY ECF**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED

Re:   *United States v. Hyun Kyung Han*, S1 18 Cr. 882 (LTS)

Dear Judge Swain:

    Defendant Hyun Kyung Han, a/k/a "Jay Hee," is scheduled to be sentenced on October 22, 2020, at 11:00 a.m. Under the Court's scheduling rules for sentencings, the Government's submission was due on October 15, 2020. The Government inadvertently failed to file on that date, and respectfully requests leave to file its sentencing submission today, October 19, 2020. The Government has conferred with defense counsel, who consents to this late filing. The Government's submission is attached hereto as Exhibit A.

Respectfully submitted,

The request is granted.  DE#213 resolved.
SO ORDERED.
10/19/2020
/s/ Laura Taylor Swain, USDJ

AUDREY STRAUSS
Acting United States Attorney for
the Southern District of New York

By: _/s/ Thane Rehn_
    Thane Rehn
    Danielle R. Sassoon
    Elinor L. Tarlow
    Assistant United States Attorneys
    (212) 637-1036

cc: Meredith Heller, Esq. (via ECF)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 19, 2020

**BY ECF**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Hyun Kyung Han*, S1 18 Cr. 882 (LTS)

Dear Judge Swain:

  Defendant Hyun Kyung Han, a/k/a "Jay Hee," is scheduled to be sentenced on October 22, 2020, at 11:00 a.m. The Government respectfully submits this letter in connection with that sentencing. On October 7, 2019, the defendant pled guilty pursuant to a plea agreement which provided a stipulated range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") of 30 to 37 months' imprisonment (the "Guidelines Range"), which is the same Guidelines Range that is calculated in the Presentence Investigation Report, dated February 13, 2020 ("PSR"). For the reasons set forth below, the Government submits that a sentence within the Guidelines range is sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing in this case.

  A. **Offense Conduct**

  This case involves the financing and advertising of a network of Korean brothels in New York City. The defendant, Hyun Kyung Han, a/k/a "Jay Hee," ran a money lending business with two of her co-conspirators—Kwang Kyu Kim, a/k/a "Kevin," and Hong Nae Yi, a/k/a "Diane Yi"—which provided loans with high interest rates to owners and employees of brothels. The defendant played an essential role in facilitating the operation of multiple brothels over a period of at least five years, from at least 2012 through her arrest in 2018. (PSR at ¶¶ 13-44).

  As part of their money lending operation, the defendant and her partner Kim[1] loaned significant sums of money to individuals who worked for the defendant as prostitutes, including at least one individual who wanted to use the loan to finance a new brothel. (PSR ¶¶ 19-22). The defendant also personally owned and operated two brothels which were located in Manhattan. Over the course of several years, Han and her co-conspirators transferred hundreds of thousands

---

[1] In the course of the Government's investigation, multiple witnesses described the defendant and Kim as being married. In her presentence interview, the defendant stated that Kim was her partner and that they had known each other for approximately 12 years. *See* PSR ¶ 119.

of dollars among bank accounts they controlled, and over $600,000 in cash were deposited into bank accounts in the defendant's name and established in connection with the brothels she operated. (PSR ¶¶ 37-40, 42.).

Over the course of her involvement in operating and financing brothels, Han demanded that sex workers continue to work in the sex industry to repay the loans she and Kim had made to them. (PSR ¶ 23). She worked directly with Kim to collect these repayments, and Kim threatened acts of violence against sex workers to force them to repay the loans. (PSR ¶ 25). Han also personally collected repayments, and made efforts to track down individuals who had failed to make payments on the loans they had received. (PSR ¶ 26).

### B. Procedural History

On October 14, 2018, the defendant was arrested pursuant to a two-count complaint charging her with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (PSR ¶ 86). On February 11, 2019, the defendant was charged with the same two counts in a superseding indictment (the "Indictment"). (PSR ¶ 1). On October 7, 2019, the defendant pled guilty, pursuant to a plea agreement, to conspiracy to commit money laundering, as charged in Count One of the Superseding Indictment. The parties agreed that the applicable Guidelines range is 30 to 37 months' imprisonment. (PSR ¶ 6). The defendant also agreed to forfeiture in the amount of $334,109.27.[2] (PSR ¶ 4).

On February 13, 2020, the United States Probation Office filed the presentence report, which recommends a sentence of 25 months' imprisonment. (PSR at 27). On March 9, 2020, the defendant submitted a sentencing letter, seeking a below-Guidelines sentence of incarceration of one year and one day.

### C. Discussion

#### 1. Applicable Law

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the need to adequately deter criminal conduct and promote respect for the law, and the need to protect the public from further crimes of the defendant. *Id.* at 50 & n.6.

---

[2] The defendant entered into a consent preliminary order of forfeiture at her guilty plea, which the Court entered on the same day.

**2. A Guidelines Sentence is Warranted for This Defendant**

The sentencing factors most applicable here are the nature, circumstances, and seriousness of the offense, and the need for just punishment and adequate deterrence.

*First,* a within Guidelines sentence is appropriate because the defendant's offense was a serious one. The defendant's operation and financing of brothels helped perpetuate an illicit industry and ensured the continuation of prostitution in the New York City area.

The defendant received significant sums of cash through her brothels, and transferred hundreds of thousands between bank accounts she controlled and those of her co-conspirators Kim and Yi. The defendant also lent money with exceptionally high interest rates to particular individuals in the commercial sex industry, including an individual who wanted to use those funds for a new brothel. These were individuals who worked in the commercial sex industry, could not otherwise legally obtain loans, and went to the defendant as a last recourse to obtain financing.

And the defendant specifically told vulnerable women to continue working in the sex industry so they could repay their loans to her and Kim. She took efforts to track down women who still owed money. And, although the Government's investigation did not reveal evidence that this defendant personally threatened violence against women to force them to repay their loans, she clearly worked closely with Kim for many years, and there is every reason to believe that she was aware of or at a minimum could reasonably foresee that he was engaging in such threats.

The illegal activity underlying this money laundering conspiracy was physically and psychologically dangerous to the prostituted women who worked at the brothels. Brothels are illegal businesses that cannot engage in normal money lending practices. To be financially successful, they depend on illicit methods of money lending such as the ones provided by the defendant. And the defendant took advantage of those circumstances, charging interest rates that resulted in individuals becoming indebted to her and her co-conspirators, telling them to stay in sex work to repay their loans, and knowing that they did not have any recourse and could not go to law enforcement authorities. This serious criminal conduct warrants a term of imprisonment within the applicable Guidelines range.

*Second,* a significant sentence is necessary in order to deter others from engaging in similar conduct. The sex industry in New York City is relatively small and word of arrests and prosecutions spreads quickly.

The Government is aware that this investigation and the resulting prosecutions have been closely watched by other financers and promoters. Under such circumstances, the general deterrence function of sentencing is an important factor in any sentence imposed, in order to deter others from committing similar crimes in a highly profitable, illicit, and harmful industry.

Defense counsel, however, argues that the Court should impose a sentence of a year and a day, and argues that the defendant was less culpable than her co-defendant Kim, who received a sentence of 32 months. The Government does not disagree that the defendant is somewhat less culpable than Kim, who personally engaged in threatening conduct. This is reflected in the fact

that her Guidelines range is lower than Kim's was. The defendant is more culpable than the other defendants who have been sentenced in this case, however, for the reasons detailed above.

But there are more similarities than differences between the defendant and Kim. There is no dispute that the two were partners who worked closely for many years. Both the defendant and Kim operated a moneylending operation that was essential to the brothels' continued operation and facilitated the opening of at least one new brothel in New York City. The defendant herself also operated two brothels and directly took advantage of the women working there, exploited their vulnerable state and inability to obtain financing elsewhere, and profited off of their loans by charging interest. And the defendant was fully involved in attempts to ensure that those loans were repaid, including by seeking information about the location of women who were seeking to escape from sex work. The Court could impose a within-Guidelines sentence that would still be lower than the sentence imposed on Kim.

The defendant's sentencing submission also highlights a number of letters in support that emphasize her work ethic and dedication to her community. The Government submits that these statements should be taken with a measure of skepticism. Based on the offense conduct described in the PSR, it appears that the defendant has devoted herself for years to working in and profiting off a highly destructive industry that exploits women, including many women with similar backgrounds to the defendant, and damages the community. A significant sentence therefore is appropriate in this case.

### D. Conclusion

In sum, the Government submits that the scope and duration of Han's criminal activity, as well as the need for adequate deterrence warrant a Guidelines sentence in this case. Accordingly, and for the reasons set forth above, the Government respectfully submits that a sentence of 30 to 37 months' imprisonment would be a fair and appropriate sentence in this case.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　AUDREY STRAUSS
　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney for
　　　　　　　　　　　　　　　　　　　　　the Southern District of New York

By:　_____
　　　　　　　　　　　　　　　　　　　　　Thane Rehn
　　　　　　　　　　　　　　　　　　　　　Danielle R. Sassoon
　　　　　　　　　　　　　　　　　　　　　Elinor L. Tarlow
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　　(212) 637-1036

cc:　Meredith Heller, Esq. (via ECF)